Kevin K. Kessner, WSB #6-4257
Yonkee & Toner, LLP
319 West Dow Street
P.O. Box 6288
Sheridan, WY 82801
(307) 674-7451
kkessner@yonkeetoner.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AMBER TOBLER,<br><br>**Plaintiff,**<br><br>v.<br><br>BRETT C. WHITLOCK, CATHY K. WHITLOCK, ABBEY KRUBECK, PINK LLC, a Wyoming limited liability company, and John Does 1-3,<br><br>**Defendants.** | CIVIL ACTION NO. 26-CV-00027 |

## COMPLAINT AND JURY DEMAND

Plaintiff, Amber Tobler, brings this *Complaint* against Defendants Brett C. Whitlock, Cathy K. Whitlock, Abbey Krubeck, Pink LLC and John Does 1-3. In support of this Complaint, Plaintiff alleges the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Colorado.

2. Brett C. Whitlock and Cathy K. Whitlock are residents of Cody, Wyoming and are the owners of the property located at 1811 Stampede Avenue, Cody, Wyoming 82414 or 1813

Stampede Avenue, Cody, Wyoming 82414, depending on the source of information ("Premises").

3. At all times, Abbey Krubeck was a resident of Cody, Wyoming.

4. John Does 1-3, if applicable and whose name Plaintiff cannot discover the true name of John Does 1-3, are also residents of Cody, Wyoming.

5. At all times relevant to this Complaint, Defendant Pink LLC was a limited liability company which is and has been doing business in Wyoming and is and was, at all times relevant to this Complaint, registered to do business in Wyoming.

6. Pink LLC operates as a salon at the Premises.

7. At all times relevant to this Complaint, Pink LLC acted through its members, managers, employees, agents, and/or representatives, including, but not limited to Brett C. Whitlock and Cathy K. Whitlock, Abbey Krubeck and John Does 1-3 and at such times, acted within the course and scope of their duties for Pink LLC.

8. Upon information and belief, Brent C. Whitlock, Cathy K. Whitlock, Abbey Krubeck and John Does 1-3 are either members, employees, agents and/or representatives of Pink LLC (Brent C. Whitlock, Cathy K. Whitlock, and Abbey Krubeck, John Does 1-3, Pink LLC and their members, managers, employees, agents, and/or representatives are hereafter referred to collectively as Defendants).

9. Defendants are vicariously liable under the doctrine of respondeat superior for the acts and omissions of its members, managers, employees, agents, and/or representatives.

10. The Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. § 1332 as this is an action between citizens of different states and amounts in controversy as to each defendant for the claims brought by Plaintiff greatly exceed seventy-five thousand dollars

($75,000.00), exclusive of interest and costs.

11. Venue is proper in the District of Wyoming under 28 U.S.C. § 1391(b)(2) as a substantial part of the matters, events and omissions giving rise to the claims occurred in the District of Wyoming.

**FACTS**

10. In January 2022, Plaintiff was an independent Licensed Esthetician and Certified Laser Specialist working as an independent contractor for Pink LLC.

11. On or about January 25, 2022, Defendants or their members, employees, agents and/or representatives removed a trap door to the crawl space located in the only bathroom on the Premises.

12. The Defendants' members, employees, agents, and/or representatives acted individually and within the course and scope of their duties for said Defendants.

13. At all times relevant to this Complaint, the trap door was open while Defendants' or their members, employees, agents, and/or representatives who, at such times, acted within the course and scope of their duties for said Defendants.

14. Plaintiff routinely utilized the Premises' only bathroom to use the sink to prepare for her clients throughout the day.

15. On or about January 25, 2022, the bathroom door was closed with the light off when Plaintiff approached it to prepare for her day, causing Plaintiff to open the bathroom door with her left hand, pushing with her left shoulder as she carried her supplies.

16. Upon entering the bathroom, Plaintiff fell through the open trap door falling down into the crawl space.

17. Defendant Cathy K. Whitlock arrived shortly after Plaintiff's fall and drove Plaintiff to Plaintiff's home.

18. While driving Plaintiff to her home, Defendant Cathy K. Whitlock admitted to the Plaintiff that she had removed the crawl space cover prior to Plaintiff's arrival at work.

19. There was no light on in the bathroom, no warning sign on the closed and unlocked bathroom door, and no indication there was a hazard inside the closed bathroom.

20. Defendants failed to provide any warning of the exposed crawl space in the bathroom floor.

21. Defendants failed to properly restrict and properly mark the bathroom door with signage to warn of the existing danger behind the closed door.

22. Defendants individually, or together, failed to exercise ordinary care under the circumstances.

### CAUSE OF ACTION – NEGLIGENCE (PREMISES LIABILITY)

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. Defendants owed lawful invitees and business visitors, including Plaintiff, a duty to exercise reasonable care to keep the premises in a reasonably safe condition, to warn of dangerous conditions, and to remediate hazards they created or of which they knew or should have known.

24. Defendants owed lawful invitees and business visitors, including Plaintiff, a duty to exercise reasonable care to keep the premises in a reasonably safe condition, to warn of dangerous conditions, and to remediate hazards they created or of which they knew or should have

known.

25. The Defendants individually, or by and through their members, managers, employees, agents, and/or representatives, breached their duty of reasonable care when Plaintiff was injured as a result of the unreasonably dangerous condition existing on the Premises.

26. The Defendants individually, or their members, managers, employees, agents, and/or representatives' acts or omissions constituted negligence, and such negligence, includes but is not limited to, the following:

    A. Removing the crawl space cover and leaving an immediate hazard inside the closed and unlocked bathroom door;

    B. Failing to warn of the hazard by signage or other means;

    C. Failing to ensure adequate lighting;

    D. Failing to inspect and make the area safe for foreseeable use by individuals such as Plaintiff;

    E. Failing to exercise due care; and

    F. Otherwise acting negligently.

27. Defendants' breaches were the direct and proximate cause of Plaintiff's fall and resulting injuries.

28. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages, including without limitation past and future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life, past and future emotional distress, past and future lost income and/or diminished earning capacity, and disability and disfigurement and other losses in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, and award:

    a)    General damages for pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined at trial;

    b)    Special damages, including past and future medical expense, in amounts to be proven at trial;

    c)    Lost income and/or diminished earning capacity in amounts to be proven at trial;

    d)    Pre- and post-judgment interest as permitted by law;

    e)    Costs of suit as permitted by law; and

    f)    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 22nd day of January, 2026.

                              YONKEE & TONER, LLP

By:    */s/ Kevin K. Kessner*

Kevin K. Kessner (WSB# 6-4257)
P.O. Box 6288
319 W. Dow St.
Sheridan, WY 82801-6288
Phone: (307) 674-7451
Fax: (307) 672-6250
Email: kkessner@yonkeetoner.com